MARTIN J. MCCUE, (# 018849)
PATRICK F. KEERY, (# 030971)

**KEERY MCCUE, PLLC**
6803 EAST MAIN STREET, SUITE 1116
SCOTTSDALE, AZ 85251
TEL. (480) 478-0709
FAX (480) 478-0787
MJM@KEERYMCCUE.COM
PFK@KEERYMCCUE.COM
*ATTORNEYS FOR DEBTOR*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>**UNIVERSAL SOLAR AMERICA, LLC**<br><br>Debtor. | Chapter 11 – Subchapter V<br><br>Case No. 2:23-bk-06491-MCW<br><br>**STATUS REPORT** |

Universal Solar America, LLC, ("**Debtor**"), by and through undersigned counsel, hereby and respectfully submits this *Status Report* pursuant to the Notice and Order Setting Videoconference Case Management Status Hearing in Chapter 11 Subchapter V Case and Directing Debtor to File Initial Status Report [Dkt. No. 16].

**1.     The Nature and Status of Debtor's Operations.**

Debtor is a small business that markets, sources, orders and provides logistics for the sale of solar supplies and equipment ("**Solar Equipment**"). Debtor sources and purchases the Solar equipment overseas. Debtor is based in Phoenix, Arizona.

**2.  The factors that led to the bankruptcy filing.**

On or about July 27, 2023, Unicorn Solar Development, Inc., ("**Unicorn**") obtained a judgment against Debtor in the amount of $1,926,111.50 ("**Judgment**") with interest accruing at the rate of 9.24% per annum (*see generally* Maricopa County Superior Court ("**State Court**") Case No. CV2023-000462 captioned *Unicorn Solar Development, Inc. v. Universal Solar America, LLC et al*)("**Unicorn Litigation**").  Prior to the Petition Date, Unicorn Solar Development ("**Unicorn**") served a non-wage garnishment ("**Garnishment**") upon Debtor's bank, JP Morgan Chase ("**Chase**").  Pursuant to the Garnishment, Chase froze the funds in Debtor's account thereby paralyzing Debtor's ability to conduct business.  The garnished funds mainly consisted of other third-party client deposits given to Debtor to finish purchasing materials that clients had already provided initial deposits for.  Further, much of the partially paid for materials were being held in a port in Panama and were accruing approximately $4,000 per day in demurrage fees.

**3.  Whether the Debtor has complied with 11 U.S.C. § 1187(a) and (b).**'

The Debtor has complied with these requirements:

a) On or about September 29, 2023, the Debtor filed a *Motion to Extend Time to File Schedules, Statements and Declaration re: Electronic Filing* ("**Motion to Extend**")[Dkt. No. 21] and on or about October 2, 2023, the Court signed an Order granting the Motion to Extend [Dkt. No. 23] thereby extending the time for Debtor to file its Schedules and Statements to October 17, 2023.  On October 17, 2023, Debtor filed its Schedules and Statements.  Debtor will file amendments if necessary in the future.

-2-

b) The Debtor intends to file its first Monthly Operating Report on a timely basis.

c) Debtor and Debtor's counsel has had telephonic conversations concerning the management of the case with the Subchapter V Trustee, Dawn Maguire ("**Sub V Trustee**")

d) The Debtor has provided all of the information requested by the Office of the United States Trustee ("**UST**") to date that exists and is supplementing information as it becomes available.

**4. Whether Counsel has been appointed.**

On or about September 18, 2023, Debtor filed a *Petition for Authority to Retain Counsel* ("**Application to Employ**") [Dkt. No. 3]. On or about September 20, 2023, the Court entered an Order employing Keery McCue, PLLC [Dkt. No. 10]. On or about September 20, 2023, the Sub V Trustee was designated [Dkt. No. 11].

**5. Whether Debtor will seek to employ other professionals.**

The Debtor is currently analyzing hiring special counsel to prosecute its claims against: (i) a Chinese company who owes Debtor significant monies; and (ii) Debtor's prior counsel in the Unicorn Litigation (and PSG Litigation (defined *infra*)). To the extent Debtor intends to proceed with such claims, Debtor will file an application with the Court. Additionally, Debtor is currently interviewing accountants as it will need an accountant to prepare and file tax returns during the pendency of the bankruptcy case. Once Debtor selects an accountant, it will file an application to employ such accountant with the Court.

**6. Whether required reports have been filed.**

All required reports have been filed and the Debtors' first Monthly Operating Report should be timely filed by the due date of October 21, 2023.

**7.  Whether administrative operating expenses have been paid on a current basis.**

The Debtor has paid all administrative operating expenses on a current basis. A monthly operating report should be filed timely.

**8.  Any unique issues regarding secured debt, employees, unexpired leases, existing management and/or equity owners, etc.**

The Debtor knows of no unique issues regarding their secured debts.

**9.  The status of all FICA, FUTA and other employee withholdings (failure to abide by the law with respect to these issues may constitute immediate cause for conversion to Chapter 7).**

The Debtor has filed and paid all FICA and FUTA taxes and reports that were due since the bankruptcy filing.

**10.  The status of any litigation involving the Debtor.**

All pre-petition litigation against the Debtor has been stayed by the automatic stay pursuant to Section 362. The Debtor anticipates that much of the litigation will be resolved through the claim filing process. Debtor is currently engaged in two (2) litigations, namely, the Unicorn Litigation (discussed *supra*) and certain litigation in which Debtor is plaintiff / counter-defendant currently pending in State Court (*see generally* State Court Case No. CV2023-000956 captioned *John Bereckis and Universal Solar America, LLC v. PSG Energy Group, LLC*)(the "**PSG Litigation**"). On or about March 15, 2023, an Order and Judgment in the amount of $210,556.31 was entered against Plaintiff for attorneys' fees and costs in the PSG Litigation.

**11. The deadline for proofs of claim and interests.**

The deadline for filing non-governmental claims is November 27, 2023. The deadline for filing governmental claims is March 16, 2024, except as provided by §502(b)(9) and Fed. R. Bankr. P. 3002(c)(1). The Debtor is monitoring the claims as they are filed to assess how they will impact on the Plan of Reorganization ("**Plan**").

**12. The deadline for filing a plan and the status of plan negotiations (pursuant to 11 U.S.C. § 1189, the Debtor shall file a plan not later than 90 days after the order of relief).**

The deadline for filing Debtors' Plan is December 27, 2023. The Debtors anticipate, prior to filing the Plan, negotiations with creditors (through counsel) to facilitate development of a consensual Plan and to coordinate with the Sub V Trustee in the facilitation of the development of a consensual Plan.

**DATED** this 17th day of October, 2023.

                                          **KEERY MCCUE, PLLC**

                                          By: /s/ *Patrick F. Keery, Esq.*
                                          Patrick F. Keery, Esq. (#030971)
                                          *Attorneys for Debtor*

**COPY** of the foregoing served
via email to:

Office of U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003-1706
Email: ustpregion14.px.ecf@usdoj.gov
Email: Edward.K.Bernatavicius@usdoj.gov

Dawn M. Maguire
5415 E. High St., Suite 200
Phoenix, AZ 85054
Email: TrusteeMaguire@gamlaw.com
*Subchapter V Trustee*

Joseph P. Brown
Faith, Ledyard and Faith, PLC
919 North Dysart Road, Suite F
Avondale, AZ 85323
Email: jbrown@faithlaw.com
*Attorneys for Creditor Unicorn Solar Development, Inc.*

Louis W. Horowitz
Lorber, Greenfield & Polito, LLP
3930 E. Ray Road, Suite 260
Phoenix, AZ 85044
Email: lhorowitz@lorberlaw.com
*Attorneys for Creditor PSG Energy Group, LLC*

By: */s/ Mollie Thompson*